UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIOS DOTIS and VICKIE DOTIS, Husband and Wife, | CASE NO. |
| Plaintiffs, | |
| v. | **COMPLAINT** |
| STATELESS, a musical group; CHRIS JAMES; GERARD ROBERTS, d/b/a KIDKANEVIL; JUSTIN PERCIVAL; ROD BUCHANAN-DUNLOP; DAVID LEVIN; JOSHUA PAUL DAVIS, d/b/a DJ SHADOW; NINJA TUNE INC., a California corporation; FERAL INTERACTIVE LTD. a United Kingdom company; SONY INTERACTIVE ENTERTAINMENT LLC, a California limited liability company; VALVE CORPORATION, a Washington corporation; SQUARE ENIX INC. a Washington corporation; MICROSOFT CORPORATION, a Washington corporation; YOUTUBE, LLC, a Delaware limited liability company; APPLE INC., a California corporation; AMAZON.COM, INC., a Delaware corporation; BEST BUY CO., Inc., a Minnesota corporation; GAMESTOP INC., a Minnesota corporation; TARGET CORPORATION, a Minnesota corporation; WAL-MART STORES, INC., a Delaware corporation; DOES 1 through 20, inclusive. | **DEMAND FOR JURY TRIAL** |
| Defendants | |

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

Plaintiffs allege, upon knowledge as to their own acts and upon information and belief as to the acts of others, as follows:

## I.     PARTIES

1.1     Plaintiff Demetrios "Takis" Dotis is an individual residing in Seattle, Washington. Mr. Dotis is married to Vickie Dotis.  Mr. Dotis is a professional musician known for his skill with a Greek stringed instrument known as the bouzouki.  Mr. Dotis wrote, performed and owns all intellectual property rights in the sound recording for his original song titled "Chainlock On My Love," which is also known as "Me Siderenia Cledaria" in the Greek language (collectively referred to as "COML" hereafter).  Mr. Dotis originally recorded COML on vinyl in 1970 or 1971, and then re-released the song on compact disc in 1998 on an album titled "A Step Back In Time" and subtitled "30 Years of Bouzouki Music."  Mr. Dotis registered the 1998 sound recording with the U.S. Copyright Office.  The registration number is SR 772-772.  Mr. Dotis has never licensed COML to any individual or entity.

1.2     Plaintiff Vickie Dotis is an individual residing in Seattle, Washington.  Mrs. Dotis is the wife of Mr. Dotis.

1.3     Defendant Stateless is a band from London, England.  Stateless was founded by Chris James, and at all material times is believed to include individual band members Gerard Roberts (a/k/a Kidkanevil), Justin Percival, Rod Buchanan-Dunlop and David Levin (hereinafter collectively referred to as "Stateless").  The individual band members are residents of England. Stateless wrote, recorded, performed, licensed and sold copies of a song titled "Ariel."  Ariel is included as a track on Stateless's album titled "Matilda."  Without receiving any permission from Mr. Dotis, Stateless incorporated into Ariel significant portions of Mr. Dotis' bouzouki music copied directly out of the sound recording for COML.  Stateless sells and/or distributes

Matilda, and separately the track titled Ariel, in the United States through various platforms such as Amazon Music Unlimited, iTunes and Youtube. Stateless also plays Mr. Dotis' sound recording of COML whenever they perform Ariel during one of their live performances. In addition, defendant Square Enix Inc. incorporated an instrumental version of Ariel into its videogames titled "Sleeping Dogs" and "Sleeping Dogs Definitive Edition."

1.4     Defendant Joshua Paul Davis (a/k/a DJ Shadow) is an individual residing in San Francisco, California. Mr. Davis is an internationally renowned record producer and DJ, popularly known by his stage name DJ Shadow. On information and belief, Mr. Davis provided the sound recording of COML to Stateless to incorporate into their song Ariel.

1.5     Defendant Ninja Tune Inc. ("Ninja Tune") is a corporation domestically formed under the laws of the state of California. Ninja Tune has an office in Los Angeles, California, but the company is headquartered in London, England. Ninja Tune is the record label for Stateless. Ninja Tune produces, distributes and sells Stateless's music including Ariel, which is sold and distributed throughout the United States and the world.

1.6     Defendant Square Enix Inc. ("Square") is a corporation formed under the laws of the state of Washington. Square is headquartered in El Segundo, California, and transacts business throughout the United States and internationally. Square is in the business of developing, publishing and distributing videogames for release on and for sale through various platforms including without limitation the Playstation, Xbox, PC, OSX, iTunes and Steam. Square published a videogame titled Sleeping Dogs, which sold approximately 3 million copies worldwide. Sleeping Dogs was developed by Square Enix London Studios, a wholly owned subsidiary of Square. An instrumental version of Ariel, which includes a copy of Mr. Dotis's bouzouki music originally recorded in COML, is contained in Sleeping Dogs.

COMPLAINT - 3
CASE NO.
#1064041 v1 / 72221-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1       1.7     Defendant Feral Interactive Ltd. ("Feral") is a United Kingdom corporation headquartered in London, England, but transacts business throughout the United States and internationally.  Under license from Square, Feral developed and published Sleeping Dogs for the OSX operating system.  The OSX version of Sleeping Dogs was released in 2016.  Through a website it owns and operates, Feral offers and sells directly to consumers in the United States digital copies of Sleeping Dogs for OSX.

       1.8     Defendant Sony Interactive Entertainment LLC ("Sony") is a limited liability company formed under the laws of the state of California.  Sony is headquartered in San Mateo, California, and transacts business throughout the United States and internationally.  Sony manufactures and sells home videogame consoles commonly referred to as the Playstation 3 ("PS3") and the Playstation 4 ("PS4").  In addition, through its PS3 and PS4 consoles, Sony offers for sale digital copies of videogames, including Sleeping Dogs, for download.  Sony receives a portion of the revenue generated from the sales of all games released on its PS3 and PS4 consoles, including Sleeping Dogs.

       1.9     Defendant Microsoft Corporation ("Microsoft") is a corporation formed under the laws of the state of Washington.  Microsoft is headquartered in Redmond, Washington, and transacts business throughout the United States and internationally.  Microsoft manufactures and sells home videogame consoles commonly referred to as the Xbox 360 ("XB360") and the Xbox One ("XBOne").  Microsoft also manufactures and distributes the Windows operating system ("Windows") for use on personal computers.  Through its XB360 and XBOne consoles, and its Windows operating system, Microsoft offers for sale digital copies of videogames, including Sleeping Dogs, for download.  Microsoft receives a portion of the revenue generated from the sales of all games, including Sleeping Dogs, released on its XB360, XBOne and Windows.

COMPLAINT - 4
CASE NO.
#1064041 v1 / 72221-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

       1.10    Defendant Valve Corporation ("Valve") is a corporation formed under the laws of the state of Washington.  Valve is headquartered in Bellevue, Washington, and transacts business throughout the United States and internationally.  Valve sells and distributes digital copies of videogames through its digital distribution platform called Steam.  Through Steam, Valve offers for sale digital copies of videogames, including Sleeping Dogs, for download.  Valve receives a portion of the revenue generated from the sales of all games sold through Steam, including Sleeping Dogs.

       1.11    Defendant Youtube, LLC ("Youtube") is a limited liability company formed under the laws of the state of Delaware.  Youtube is a wholly owned subsidiary of Alphabet, Inc., the parent company of Google, Inc.  Youtube is headquartered in San Bruno, California, and transacts business throughout the United States and internationally.  Youtube is a video hosting service available on the Internet.  The song Ariel, and Stateless's official music video for Ariel, are distributed and/or made available to the public through Youtube.  The soundtrack version of Ariel, which was incorporated into Sleeping Dogs, is also distributed and made available through Youtube.

       1.12    Defendant Apple Inc. ("Apple") is a corporation formed under the laws of the state of California.  Apple is headquartered in Cupertino, California, and transacts business throughout the United States and internationally.  Apple sells digital music, including Ariel, and videogames, including Sleeping Dogs, through its iTunes store.  In addition, Apple makes and distributes the OSX computer operating system.  Apple receives a portion of the revenue generated from the sales of all of music and videogames sold on iTunes and all videogames released for its OSX operating system.

1    1.13    Defendant Amazon.com, Inc. ("Amazon") is a corporation formed under the laws

2    of the state of Delaware.    Amazon is headquartered in Seattle, Washington, and transacts

3    business throughout the United States and internationally.    Amazon offers for sale and sells

4    music and videogames on its website, including both Ariel and Sleeping Dogs.    Amazon sells

5    and distributes Ariel through its Amazon Music Unlimited service.

6    1.14    Defendant Best Buy Co., Inc. ("Best Buy") is a corporation formed under the laws

7    of the state of Minnesota.    Best Buy is headquartered in Richfield, Minnesota, and transacts

8    business throughout the United States and internationally.    Best Buy owns and operates over

9    1,000 retail stores throughout North America.    Best Buy offers for sale and sells new and used

10    videogames, including Sleeping Dogs, in its stores and online through its website.    Best Buy also

11    sells compact discs, including Stateless's Matilda, in its stores and online through its website.

12    1.15    Defendant Gamestop Inc. ("Gamestop") is a corporation formed under the laws of

13    the state of Minnesota.    Gamestop is headquartered in Grapevine, Texas, and transacts business

14    throughout the United States and internationally.    Gamestop owns and operates over 6,500 retail

15    stores throughout the world.    Gamestop offers for sale and sells new and used videogames,

16    including Sleeping Dogs, in its stores.    Gamestop also offers for sale digital downloads of

17    videogames, including Sleeping Dogs, through its website.

18    1.16    Defendant Target Corporation ("Target") is a corporation formed under the laws

19    of the state of Minnesota.    Target is headquartered in Minneapolis, Minnesota, and transacts

20    business throughout the United States.    Target owns and operates over 1,700 retail stores

21    throughout the United States.    Target offers for sale and sells videogames, including Sleeping

22    Dogs, in its stores and online through its website.

COMPLAINT - 6
CASE NO.
#1064041 v1 / 72221-001

1.17    Defendant Wal-Mart Stores, Inc. ("Walmart") is a corporation formed under the laws of the state of Delaware.  Walmart is headquartered in Bentonville, Arkansas, and transacts business throughout the United States and internationally.   Walmart owns and operates over 11,000 retail stores worldwide.  Walmart offers for sale and sells videogames, including Sleeping Dogs, in its stores and online through its website

1.18    The true names and capacities, whether individual, corporate, associate, or otherwise, of all Defendants sued herein as Does 1 through 20, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names. Plaintiffs will seek leave of the Court to amend this complaint to state their true names and capacities when the same have been ascertained. Said Defendants are liable to Plaintiffs because they infringed their copyright in COML or violated Plaintiffs' exclusive rights in the pre-1972 sound recording of COML or were acting as the agent, principal, alter ego, employee, representative, or otherwise participated in the acts alleged.

## II.    JURISDICTION AND VENUE

2.1    This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Law of the United States (17 U.S.C. §§ 101 *et seq.*).   In addition, Plaintiffs seek damages and injunctive relief for Defendants' various violations of Plaintiffs' exclusive rights in the pre-1972 sound recording of COML.

2.2    This Court has jurisdiction of this action under 17 U.S.C. §§ 101 *et seq.* and 28 U.S.C. §§ 1338(a) and (b).  The Court also has jurisdiction pursuant to 28 U.S.C. § 1332 as this is an action between citizens of a State and a citizen of a foreign state where the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1

2      2.3      This Court has supplemental jurisdiction over the related Claims Two, Three and

3  Four because these claims are so related to the above federal claims that they form part of the

4  same case or controversy.

5      2.4      This Court has personal jurisdiction over Defendants because Defendants reside

6  in and/or are doing business in the State of California and in this District. In addition, many of

7  infringing acts and the unfair competition at issue occurred in the State of California and in this

8  District.

9      2.5      Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(a).

## III.    FACTUAL BACKGROUND

3.1.      Plaintiff Demetrios "Takis" Dotis is a professional musician known for his skill
with a traditional Greek instrument known as a bouzouki.  Mr. Dotis is married to Vickie Dotis.
A bouzouki can be described as a long-necked lute, and has a sound quality, characterized by its
bright and full tones, that is distinct from a common acoustic guitar.

3.2.      Mr. Dotis was born in Florina, Greece.  Developing a passion for music at a
young age, Mr. Dotis dedicated himself to mastering the bouzouki, becoming the first
professional bouzouki musician in his village in Greece.  Mr. Dotis played professionally in
Greece for years before immigrating to the United States in 1970.

3.3.      Upon arriving in the United States, Mr. Dotis originally settled in the San
Francisco area.  Desiring to spread his style of bouzouki and Greek music to the United States,
Mr. Dotis recorded a vinyl record featuring his original songs.  Mr. Dotis fully financed the
recording, production, publication and distribution of the album.  Mr. Dotis titled his self-
published album "Greece: Demetrios Dotis Plays 'Bouzoukee.'"  Mr. Dotis only manufactured

COMPLAINT - 8
CASE NO.
#1064041 v1 / 72221-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1  approximately 2,500 copies of this album in 1970 or 1971, and distributed the copies himself by

2  making the albums available for sale whenever he performed at his live shows.

3      3.4.    As a professional bouzouki player, Mr. Dotis enjoyed modest success.  Today, he

4  continues to play the bouzouki and regularly performs live at his restaurant in Seattle,

5  Washington, at social and community functions, and at Greek festivals.  In 1998, Mr. Dotis

6  released a CD titled "A Step Back In Time" and subtitled "30 Years of Bouzouki Music."  The

7  CD included a digitally remastered recording of COML, which is referenced on the CD by its

8  Greek title "Me Siderenia Cledaria."  Mr. Dotis distributed the CD himself by selling copies at

9
10  his Seattle restaurant and at his performances.

11      3.5.    In 2010, Stateless, a band based in London, England, recorded and distributed a

12  song called "Ariel."  The song was recorded, published and distributed by Ninja Tune, which has

13  a recording contract with Stateless.  Ariel was, and continues to be, sold as both a single as well

14  as a track on Stateless's album titled "Matilda."  Ariel opens with a 25-second recording of a

15
16  bouzouki solo.  No member of Stateless plays the bouzouki.  This fact is made obvious whenever

17  the band performs Ariel live in concert.  The band members can be observed standing around on

18  stage while the sound recording of Mr. Dotis's entire opening bouzouki solo from the COML

19
20  sound recording plays before the rest of the band joins the song.

21      3.6.    Comparing the bouzouki introduction in COML and Ariel, it is obvious that

22  Stateless simply copied Mr. Dotis's sound recording of his bouzouki from COML and

23  incorporated it into Ariel.  As the sample used by Stateless is a blatant copy Mr. Dotis's sound

24  recording, there is no discernable difference between the first 25 seconds of Ariel and the first 25

25
26  seconds of COML.

27

COMPLAINT - 9
CASE NO.
#1064041 v1 / 72221-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

3.7.    Stateless's unauthorized use of Mr. Dotis's original sound recording of COML is not limited to the bouzouki solo in the first 25 seconds of the song.  Ariel also contains approximately a 16-note bar of Mr. Dotis's bouzouki recording from COML, which is repetitively looped throughout Ariel.

3.8.    Stateless did not even request, much less obtain, Mr. Dotis's permission before incorporating any portion of his COML sound recording into Ariel.  According to Stateless's own admission, the band obtained Mr. Dotis's sound recording of COML from DJ Shadow, who provided Stateless with the sound recording for the purpose of incorporating it into Stateless's music.  DJ Shadow knew he did not have any lawful right to copy or distribute any portion of COML, yet did so willfully and with full and complete knowledge that Stateless intended to incorporate DJ Shadow's sample of COML into Ariel.  DJ Shadow did not ever request, much less obtain, Mr. Dotis's permission before copying and distributing the sound recording of COML to Stateless.

3.9.    Ariel has been a very successful song for Stateless and Ninja Tunes.  Within three days of launching the official music video for Ariel on Youtube, the video had over 10,000 views.  Since then, the official music video has garnered approximately 1.3 million views since being uploaded on Youtube in 2010.  When the official music video for Ariel achieved the milestone of 1 million views on Youtube, the band touted the accomplishment through social media, and announced that Ariel was now considered one of Ninja Tunes top 20 music videos of all time.  There are a number of other videos on Youtube featuring Ariel.  Mr. Dotis has not authorized or consented to the distribution of the portions of his sound recording of COML contained in any of those videos, except for his own video uploaded in 2014.

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

3.10.   In addition, Ariel and the album Matilda are available for sale throughout the United States and the world through music download platforms such as Apple's iTunes and Amazon Music Unlimited.  Physical copies of Ariel and Matilda are also available for sale on the Internet through websites owned and operated by Amazon and Best Buy.  Stateless and Ninja Tunes also sell digital downloads of Ariel direct to consumers through the band's official website, which is located at the following URL:  https://ninjatune.net/artist/stateless.  Stateless and Ninja Tunes also offer physical copies of both Ariel and Matilda through the same website.

3.11.   Stateless's success and popularity as a band is evidenced, in part, by its following on social media.  The official Stateless page on Facebook is "liked" by approximately 30,000 Facebook users.  The band's official Myspace page has approximately 20,000 "connections."  The official Twitter account for Stateless has over 2,500 followers.  Stateless encourages others to distribute Ariel by asking the band's fans to share a link to the official music video for Ariel found on Youtube.

3.12.   In 2012, Square published a video game titled "Sleeping Dogs," which was originally released on various platforms including XB360, PS3 and Windows.  The Sleeping Dogs videogame contains an instrumental version of Ariel.  On information and belief, Square licensed Ariel, including the portion that contains Mr. Dotis's original sound recording, from Stateless and/or Ninja Tunes, which received remuneration in exchange for the license.  Square did not request or otherwise obtain Mr. Dotis's permission to use his original sound recording in Sleeping Dogs.

3.13.   Within about a month of its original release in 2012, Square sold approximately 1.5 million copies of the game.  In addition to the original content contained in the Sleeping Dogs videogame, Square also released a variety of downloadable content, which owners of

COMPLAINT - 11
CASE NO.
#1064041 v1 / 72221-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

Sleeping Dogs can purchase through microtransactions and use to enhance their gameplay experience.  The number of microtransactions for downloadable content for Sleeping Dogs and the revenue generated therefrom, while likely significant, is unknown.

3.14.    In 2014, Square re-released Sleeping Dogs for Windows, PS4 and XBOne.  The 2014 version of the game (hereinafter referred to as "Sleeping Dogs DE") is easily distinguished from the original release by its "Definitive Edition" subtitle.  Square also released a variety of downloadable content for Sleeping Dogs DE, which owners of game can purchase through microtransactions and use to enhance their gameplay experience.    The number of microtransactions for downloadable content for Sleeping Dogs DE and the revenue generated therefrom, while likely significant, is unknown.

3.15.    Since its release, both versions of Sleeping Dogs, which contain the song Ariel within the game, have been sold and continue to be sold in retail stores owned and operated by Best Buy, Target, Walmart and Gamestop.  Physical copies of the game are also available for sale online through websites owned and operated by Square, Amazon, Best Buy, Target, Walmart and Gamestop.  In addition, consumers can purchase digital copies of the versions of Sleeping Dogs and downloadable content for the game through a variety of outlets.  Defendants who offer digital copies of the versions of Sleeping Dogs for sale include Square, Valve, Sony, Microsoft, Apple, Feral and Gamestop.  The soundtrack for Sleeping Dogs, including the instrumental version of Ariel found in the game, is also available on the Internet in places such as Youtube.

3.16.    Later, Square licensed Sleeping Dogs to Feral to develop and publish the game on the OSX operating system for use on Mac computers.  Feral released the OSX version of Sleeping Dogs on March 31, 2016.  The OSX version of Sleeping Dogs is available for purchase

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1   through Apple's iTunes platform as well as Feral's own website found at the following URL:

2   https://store.feralinteractive.com/en/mac-linux-games/sleepingdogs/.

3       3.17.   In total, and with the assistance of Amazon, Best Buy, Gamestop, Walmart,

4   Target, Sony, Valve, Microsoft and Feral, Square has sold over 3 million copies of Sleeping

5   Dogs.

6

7       3.18.   Mr. Dotis has not received any compensation for the various Defendants'

8   unauthorized creation of derivative works, copying, sale, distribution or publication of his

9   original song.   Mr. Dotis has been harmed and continues to be harmed by the Defendants'

10  various infringements and misappropriation of his exclusive rights of ownership in COML.   The

11  full extent of the harm to Mr. Dotis and/or the unjust enrichment to the various Defendants,

12  while unknown, is significant.

13

## IV.   FIRST CAUSE OF ACTION:
## DIRECT, CONTRIBUTORY AND VICARIOUS COPYRIGHT INFRINGEMENT

16      4.1.   Plaintiffs reallege and incorporate herein each of the allegations set forth above.

17      4.2.   Plaintiffs assert a claim of copyright infringement against all Defendants.

18  Plaintiffs own the copyright in the sound recording of COML, which Mr. Dotis re-released in

19  digital format on compact disc titled "A Step Back In Time."   By way of illustration only,

20  Defendants have infringed upon Plaintiffs' exclusive rights as the owner(s) of the copyright by

21  reproducing, distributing, selling, copying and preparing derivative works based upon COML or

22  portions thereof.   Defendants' acts constitute infringement of Plaintiffs' exclusive rights to

23  COML pursuant to 17 U.S.C. §§ 106, 115 and 501.

24

25      4.3.   In accordance with the Copyright Act, Mr. Dotis has obtained a copyright

26  registration for the 1998 digital release of the COML sound recording.   The registration number

27  is SR 772-772.

COMPLAINT - 13
CASE NO.
#1064041 v1 / 72221-001

4.4.     Defendants' infringing conduct was intentional and willful and undertaken with a conscious disregard of Plaintiffs' rights.  Plaintiffs have been damaged by Defendants' various infringements of his copyright.  Mr. Dotis's injuries include damage to his reputation caused by Defendants' unlawful exploitation of his copyrighted sound recording of COML.  Plaintiffs are entitled to statutory damages under the Copyright Act or, alternatively, compensatory damages, including, but not limited to, Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504.  Plaintiffs also are entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

4.5.     With knowledge of the infringement, Defendants have induced, assisted, caused or materially contributed to the infringing conduct of others, such that they should be found to be contributorily liable.

4.6.     Defendants have the right and ability to control other infringers and have derived a direct financial benefit from that infringement such that Defendants should be found to be vicariously liable.

4.7.     Defendants' conduct is causing and will continue to cause Plaintiffs, unless enjoined and restrained by an order of this Court, great and irreparable injury that cannot fully be compensated or measured in money.  Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to preliminary and permanent injunctions prohibiting further infringements of their copyrights and exclusive rights.

## V.     SECOND CAUSE OF ACTION:
## VIOLATION OF CALIFORNIA CIVIL CODE SECTION 980(a)(2)

5.1.     Plaintiffs reallege and incorporate herein each of the allegations set forth above.

5.2.    Plaintiffs possess exclusive ownership interests in and to the pre-1972 sound recording of COML pursuant to California Civil Code section 980(a)(2) and under the common law.

5.3.    Through their various unauthorized acts of recording, performing, distributing, copying and/or selling COML, as embedded and looped in Stateless's song titled Ariel, Defendants have each violated Plaintiffs' exclusive ownership interest in the pre-1972 sound recording of COML.  The violations of Plaintiffs' rights in the pre-1972 sound recording of COML are continuing to this day.

5.4.    Plaintiffs have not authorized Defendants to copy, make derivative works, publicly perform, sell, distribute or otherwise exploit Plaintiffs' pre-1972 sound recording of COML. Defendants do not have the right to exploit Plaintiffs' pre-1972 sound recording of COML and Defendants have never compensated Plaintiffs for any of Defendants' various exploitations of Plaintiffs' pre-1972 sound recording of COML.

5.5.    As a direct and proximate result of Defendants' conduct in violation of Plaintiffs' exclusive ownership interests in COML, Defendants have wrongfully received revenue and Plaintiffs have been damaged in an amount that shall be proven at trial.  The injuries include damage to Mr. Dotis's reputation caused by the Defendants' unlawful exploitation of the pre-1972 sound recording of COML.

5.6.    Through their conduct alleged in this complaint, Defendants are guilty of oppression, fraud, and/or malice entitling Plaintiffs to recover exemplary and punitive damages, in addition to his actual damages.

5.7.    Defendants' conduct is causing and, unless enjoined and restrained by order of the Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be

compensated or measured in money. Plaintiffs are entitled to preliminary and permanent injunctions prohibiting further violation of Plaintiffs' exclusive rights in the pre-1972 sound recording of COML.

## VI.    THIRD CAUSE OF ACTION:
## UNFAIR COMPETITION

6.1.    Plaintiffs reallege and incorporate herein each of the allegations set forth above.

6.2.    The acts and conduct of Defendants alleged herein constitute an appropriation and invasion of the property rights of Plaintiffs in the pre-1972 sound recording of COML, and constitute unfair competition under California Business & Professions Code section 17200, *et seq.*, and under the common law.

6.3.    As a direct and proximate result of Defendants' conduct, Plaintiffs are further entitled to recover all proceeds and other compensation received or to be received by Defendants from their various acts of infringement and misappropriation of Plaintiffs' exclusive rights in the pre-1972 sound recording of COML. Plaintiffs request an accounting to ascertain the amount of such profits and compensation.

6.4.    As a direct and proximate result of Defendants' unfair competition, Plaintiffs have been damaged, and Defendants have each been unjustly enriched, in an amount that shall be proven at trial. Plaintiffs are entitled to an award of damages and/or restitution and disgorgement. Such damages and/or restitution and disgorgement should include a declaration by this Court that Defendants are constructive trustees for the benefit of Plaintiffs, and an order that Defendants convey to Plaintiffs the gross receipts received or to be received by them that are attributable to infringement of the pre-1972 sound recording of COML.

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

6.5.    Through their alleged conduct, Defendants are guilty of oppression, fraud, and/or malice, thereby entitling Plaintiffs to recover exemplary and punitive damages in addition to Plaintiffs' actual damages.

6.6.    Defendants' conduct is causing and, unless enjoined and restrained by order of the Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money.   Pursuant to California Business & Professions Code section 17203, Plaintiffs are entitled to preliminary and permanent injunctions prohibiting further acts of unfair competition.

## VII.    FOURTH CAUSE OF ACTION: CONVERSION

7.1.    Plaintiffs reallege and incorporate herein each of the allegations set forth above.

7.2.    Through their conduct alleged herein, Defendants have misappropriated Mr. Dotis's intangible rights, property, skill, and labor embodied in his pre-1972 sound recording of COML. Defendants' continued misappropriation of Plaintiffs' exclusive rights in the pre-1972 sound recording of COML violates Plaintiffs' exclusive rights in such recordings.  Plaintiffs have been harmed and continue to be harmed by Defendants' unlawful conduct.

7.3.    As a direct and proximate result of Defendants' conduct in violation of Plaintiffs' exclusive rights in the pre-1972 sound recording of COML, Defendants have unlawfully and unjustly received proceeds and profits, which should be disgorged, in an amount to be proven at trial.

7.4.    Defendants are guilty of oppression, fraud or malice, thereby entitling Plaintiffs to recover exemplary and punitive damages against Defendants in addition to Plaintiffs' actual damages,

7.5.    Defendants' conduct is causing, and unless enjoined and restrained will continue to cause, Plaintiffs great and irreparable injury that cannot fully be compensated or measured in

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

money. Plaintiffs are entitled to preliminary and permanent injunctions prohibiting further violation of Plaintiffs' exclusive common law rights in the pre-1972 sound recording of COML.

## VIII.    REQUEST FOR RELIEF

8.1    Plaintiffs request that the Court grant the following relief:

A.    Award of a monetary judgment, including any statutory damages and/or disgorgement of Defendants' profits, against the defendants, jointly and severally, for such amount as may be proven at trial;

B.    Award of prejudgment and post-judgment interest;

C.    Punitive damages and/or enhanced damages as permitted by law;

D.    Award of attorney fees and costs as permitted by statute;

E.    Imposition of a constructive trust and an equitable accounting;

F.    Preliminary and permanent injunctions enjoining and restraining Defendants, and each of them, and their respective agents, servants, directors, officers, principals, employees, representatives, subsidiaries and affiliated companies, successors, assigns, and those acting in concert with them or at their direction, from directly or indirectly infringing in any manner any right in COML in which Plaintiffs own or control an exclusive right under statutory or common law, including without limitation by directly or indirectly reproducing, copying, distributing, selling and/or publicly performing any portion of COML; and

G.    Such other and further relief as the Court deems just and equitable.

/

/

/

/

/

/

/

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1

## IX.    DEMAND FOR JURY TRIAL

2

9.1    Plaintiffs demand a trial by jury of all issues so triable in this action.

3

4

DATED this 26th day of October, 2016.

5

KARR TUTTLE CAMPBELL PLLC

6

*s/ J. Dino Vasquez*

7

J. Dino Vasquez
CSBA #146725

8

WSBA #25533

9

**KARR TUTTLE CAMPBELL**
701 Fifth Avenue, Suite 3300

10

Seattle, WA 98104
Telephone:  206-223-1313

11

Facsimile:  206-682-7100
Email:  dvasquez@karrtuttle.com

12

*Attorney for Plaintiffs*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27